United States District Court
Southern District of Texas
**ENTERED**
October 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | CRIMINAL NO. 4:24-CR-00371-016 |
| | § | |
| Pamela Yoder | § | |

**ORDER REVOKING BOND**

On September 28, 2026, the Court held a hearing on Pretrial Service's ("PTS") motion to revoke the order releasing Yoder to pretrial supervision. ECF Nos. 2518, 2589. Because the Court finds that Yoder is not likely to abide by the Court's conditions, the motion is granted.

Yoder lives in Michigan, even though the charges in this case are pending in Houston. After her arrest, the Michigan Court released Yoder on an unsecured bond on February 6, 2025. One of the conditions was that Yoder could not unlawfully possess any narcotic drug or other controlled substance unless prescribed by a licensed medical doctor. Condit. Release, ECF No. 821-2. Yoder was required to submit to drug testing. *Id.*

Despite this condition, Yoder has repeatedly violated the conditions of release. She repeatedly tested positive for cocaine use. ECF No. 2589. In fact, she tested positive at least nine times over the period of supervision. *Id.* In addition, she

repeatedly missed or rescheduled substance abuse sessions. *Id.* PTS filed multiple petitions for Yoder's violations. ECF Nos. 845, 1128, 1336, 2478, 2518, 2589. In each instance, the Court took no action and allowed Yoder to remain on release, ordering Yoder to participate in drug treatment. First, drug treatment was outpatient. *Id.* With continued violations, the Court ordered Yoder to participate in a residential drug treatment program. *Id.*

Despite all the resources made available to Yoder, she continued to use cocaine. On this last petition, PTS sought revocation of her release because it had exhausted all treatment options and Yoder failed to take advantage of the resources allotted to her. *Id.* at 2. The Court issued a warrant for Yoder's arrest. ECF No. 2592. She was arrested on June 30, 2026, and remained in custody until the revocation hearing.

At the revocation hearing, her attorney explained that Yoder is a 30-year drug addict. For the first time in 30 years, she is clean because of the time spent in detention. Counsel requested that she be released back to Michigan to work with the counselors she had seen in the past who knew her and her circumstances. Counsel argued that, now that she is clean, she will be able to stay clean. The Government did not oppose release if she stayed in Houston, away from the bad influences she was accustomed to in Michigan. PTS sought detention.

Revocation of pretrial release is governed by 18 U.S.C. § 3148. Subsection 3148(b) states that the court *shall* enter an order detaining the defendant if the court

(1) finds that there is –

(A) probable cause to believe that the person has committed a Federal, States, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that –

(A) based on the [3142(g) factors], there is no condition or combination or conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b).

The Court agrees with PTS that Yoder should be detained. Yoder has repeatedly used a controlled substance without a prescription. She has used cocaine. That is not only a violation of conditions, but it is also a crime. Yoder is only clean because she has been in detention. She has repeatedly violated her release conditions when she has been in her own environment. Releasing her to Michigan is not an option. The overwhelming evidence shows that she cannot follow the conditions of

release when she is in Michigan. Yoder did not want to be released in Houston because she has no support system for her or place to live. PTS has exhausted its resources to no avail.

Thus, the Court finds by clear and convincing evidence that Yoder violated the condition of her bond. She was prohibited from using controlled substances or narcotics without a prescription. It is undisputed that she violated that condition. The court concludes, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Yoder is not likely to follow any conditions the court sets. The orders releasing Yoder are **REVOKED** and Yoder is remanded to the custody of the United States Marshal pending further proceedings in this case.

Signed on October 5, 2026, at Houston, Texas.

Dena Palermo

Dena Hanovice Palermo
United States Magistrate Judge